Filed 12/29/25  P. v. Tittle CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B342654 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA126434) |
| v. | |
| TYRONE TITTLE, | |
| Defendant and Appellant. | |

Appeal from an order of the Superior Court of Los Angeles County, John J. Lonergan, Jr., Judge.  Affirmed.

Vanessa Place, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

In 2013, a jury found appellant Tyrone Tittle guilty of premeditated attempted murder (count 1, Pen. Code, §§ 187, 664),[1] shooting at an inhabited dwelling (count 2, § 246), possession of a firearm with a prior conviction (count 4, § 22900, subd. (a)(1)), and evading an officer (count 5, Veh. Code, § 2800.2, subd. (a)). The jury found true several prior conviction allegations (§§ 667.5, subd. (b); 667, subd. (a)(1) & 1170.12) as well. Following a 2015 appeal and a successful section 1172.76 resentencing petition, the court sentenced Tittle to prison for 21 years to life, plus 9 years 4 months. On November 22, 2024, following a section 1172.75 petition, the court again resentenced Tittle, this time to 19 years to life plus 5 years 4 months.[2] Tittle timely appealed.

Tittle's appointed appellate counsel filed a brief identifying no issues on appeal and requesting that we follow the procedures outlined in *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*). Under those procedures, where, as here, the appellant files a supplemental brief, we are "required to evaluate the specific arguments presented in [the appellant's supplemental] brief." (*Id.* at p. 232.) We are not required to conduct an independent review of the record to identify

---

[1] Unless otherwise specified, all statutory references are to the Penal Code.

[2] On count 1, the court sentenced Tittle to 19 years to life (seven years to life doubled as a second strike, plus a five-year prior serious felony conviction enhancement under section 667, subdivision (a)(1), which the court declined to strike). The court imposed a four-year sentence on count 4 and a 16-month sentence on count 5. The court stayed the sentence on count 2 pursuant to section 654. The court struck the one-year prior conviction enhancement.

appealable issues, even when the defendant files a supplemental brief. (*Ibid.*) The reviewing court, however, has discretion to conduct such a review. (*Ibid.*) Cognizant of our discretion, we decline to conduct an independent review.

In his supplemental brief, Tittle neither argues the court erred in resentencing him, nor identifies any inaccuracy in the resulting third amended abstract of judgment. Rather, he argues that, based on a California Department of Corrections and Rehabilitation (CDCR) "release date change notice and legal status summary" he attaches to his brief, his "current sentence doesn't reflect [his] [most recent] resentenc[ing] of November 22, 2024." He argues this document reflects that "only count [4] was amended and modified . . . partially."

The third amended abstract of judgment accurately reflects the revised sentence resulting from the November 22, 2024 hearing, based on both the reporter's transcript and minute order from that hearing. Assuming, for the sake of argument, Tittle is correct that CDCR records do not accurately reflect this sentence, that is not a basis for relief in an appeal from the order on Tittle's resentencing petition.[3]

We therefore affirm.

---

[3] The CDCR document Tittle provides includes a "comment[ ]" that it was last updated on September 25, 2024, but also notes the "information recorded [is] per [the third] amended [abstract of judgment,]" which the court did not issue until December 9, 2024. We do not consider whether this supports Tittle's view of the CDCR document as inaccurately describing his current sentence. To the extent this document contains discrepancies or inaccuracies, we assume the CDCR will take the steps necessary, if any, to correct them and assure CDCR records are consistent with the operative abstract of judgment dated December 9, 2024.

## DISPOSITION

The order is affirmed.

<u>NOT TO BE PUBLISHED</u>.


                                        ROTHSCHILD, P. J.

We concur:


BENDIX, J.


M. KIM, J.